**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AVROHOM MANES,<br>        Plaintiff, | CASE NO. 7:21-cv-04666<br>ECF Case |
| vs. | **TRANS UNION LLC'S ANSWER TO**<br>**PLAINTIFF'S COMPLAINT AND**<br>**AFFIRMATIVE DEFENSES** |
| SANTANDER CONSUMER USA INC., D/B/A<br>CHRYSLER CAPITAL; EXPERIAN<br>INFORMATION SOLUTIONS, INC.; AND<br>TRANS UNION LLC,<br>        Defendants. | |

Defendant Trans Union LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union LLC's responses immediately following.

## NATURE OF THIS ACTION

1.      This is a complaint for monetary damages, declaratory relief, and other legal and equitable relief, costs, and attorney fees, arising from a vehicle lease agreement (the "Agreement") between Plaintiff ("Plaintiff" or "Mr. Manes") and Defendant Santander Consumer USA, Inc., d/b/a Chrysler Capital ("Santander" or "Chrysler Capital"). Plaintiff seeks money damages against Chrysler Capital, Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"). Plaintiff also seeks declaratory relief under NY CPLR §3001 against Chrysler Capital, Experian, and Trans Union.

**ANSWER:**    Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against

Trans Union. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## THE PARTIES

**A. The Plaintiff**

2.      At all times relevant herein, Plaintiff has been a resident of the state of New York.

**ANSWER:**      Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

3.      Plaintiff is a "consumer" as defined in l5 U.S.C. §1681a(c).

**ANSWER:**      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**B. The Defendants**

4.      Defendant Santander Consumer USA Inc. is and was at all times relevant herein an Illinois company doing business as Chrysler Capital ("Santander" or "Chrysler Capital"). Santander is registered and doing business in the State of New York and its registered agent for service of process in New York is CT Corporation System, 28 Liberty Street, New York, New York 10005.

**ANSWER:**      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Chrysler Capital is a "furnisher" of consumer credit as that term is used in §1681s-2 of the FCRA.

**ANSWER:**      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.      Defendant Experian Information Solutions, Inc. ("Experian") is and was at all times relevant herein a consumer reporting agency ("CRA") as the term is defined in 15 U.S.C. § 168la(f)

and used in the FCRA. Experian is registered and doing business in the State of New York and its registered agent for service of process in New York is CT Corporation System, 28 Liberty St., New York, NY 10005.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7.     Defendant Trans Union LLC ("Trans Union") is and was at all times relevant herein a CRA as the term is defined in 15 U.S.C. § 168la(f) and used in the FCRA. Trans Union is registered and doing business in the State of New York and its registered agent for service of process in New York is The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, NY 12207-2543.

**ANSWER:**   Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

8.     CRAs collect credit information and financial history from furnishers of consumer credit such as Defendant Chrysler Capital and sell the information as "consumer reports" to paying subscribers *(e.g.,* lenders and similarly interested parties). At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9.     At all times relevant herein, Defendants Experian and TransUnion received and disseminated incorrect and disputed information from Defendant Chrysler Capital relevant to

Plaintiff's credit and financial history, and failed to ensure the accuracy of the information, conduct

a reasonable investigation of Plaintiff's dispute and remove unverified data as required under 15

U.S.C. §1681 *et seq.*

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans

Union. Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to

Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## FACTUAL ALLEGATIONS

10.    Plaintiff is a respected businessman and individual who takes pride in paying his

bills on time and in full every month. He worked diligently to establish and maintain an excellent

credit rating.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form

a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11.    Until Defendant Chrysler Capital failed to service his account properly and violated

the FCRA (as described below), Plaintiff understood his credit record and rating were excellent.

Plaintiff's credit rating is essential for personal and business endeavors.

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law). Trans

Union states that it lacks knowledge or information sufficient to form a belief about the truth of

these allegations, which has the effect of a denial under Rule 8(b)(5).

12.    In or about February 2018, Plaintiff entered into a vehicle lease financing

agreement, Account number REDACTED, with Defendant Chrysler Capital for lease of a Chrysler

2017 Jeep Compass-4.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form

a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13.     Plaintiff made timely monthly payments per the Agreement through August 2019.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14.     Plaintiff made a timely monthly payment on the account on or about August 22, 2019.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.     Through no fault of his own, Plaintiff did not receive the September 2019 billing statement provided by Chrysler Capital. Instead, Plaintiff received a statement dated September 29, 2019 stating that the last payment made was on August 22, 2019.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.     Upon receiving the statement dated September 29, 2019, Plaintiff immediately contacted Chrysler Capital by telephone on or about October 1, 2019 to determine the status of the account. Chrysler Capital's representative advised Plaintiff that if he brought the account up to date immediately the brief delay in payment of the September payment would not negatively affect his payment history. Accordingly, on or about October 1, 2019, Plaintiff paid the outstanding amounts due including the payment for October 2019, and brought the account up to date.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17.     Since Plaintiff paid the August 2019 payment on or about August 22, 2019, and he paid the September and October 2019 payments on or about October 1, 2019, his account was never more than 30-days delinquent.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18.   After Plaintiff brought the account up to date on or about October 1, 2019, Plaintiff made timely monthly payments every month for the remainder of the lease.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19.   Despite Chrysler Capital's representations to Plaintiff, it purposefully, fraudulently, maliciously, and in bad faith subsequently reported falsely to the CRAs that Plaintiff made no payment on the account between August 1, 2019 and October 1, 2019, and that Plaintiff's account was more than 30-days delinquent for September 2019 on Plaintiff's credit history. This report was erroneous and severely damaged Plaintiff's credit rating impacting his ability to obtain credit or credit at favorable rates both personally and for his business.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

20.   Plaintiff diligently followed up with Chrysler Capital and its representatives, making multiple attempts to have Chrysler Capital remove and correct the adverse report.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21.   To Plaintiff's detriment, Chrysler Capital either ignored Plaintiff's numerous requests or refused to remove the erroneous report.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

22.   On or about April 20, 2020, Plaintiff's attorney contacted Chrysler Capital's Legal Department in writing, requesting Chrysler Capital correct the erroneous report.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23.   On September 16, 2020, Plaintiff's attorney against initiated a direct dispute in writing to Chrysler Capital regarding its actions and the more-than-30-day late payment report. Counsel also requested all documentation related to the alleged late payment and demanded Chrysler Capital correct the report with all CRAs.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24.   Chrysler Capital negligently, recklessly, and in bad faith willfully did not acknowledge Plaintiff's direct dispute and did not notify him of its intention not to investigate. Upon information and belief, as part of a pattern and practice of disregarding consumer account disputes, Chrysler Capital ignored its representations to Plaintiff that it would not report the late payment, and did not investigate the dispute despite his multiple follow-up communications. Instead, to Plaintiff's detriment, Chrysler Capital continued to report the erroneous and highly damaging information to the CRAs.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

25.     Chrysler Capital knew or should have known that a more-than-30-day late payment appearing on a credit report is harmful and detrimental to an individual or business seeking to be approved for a loan, mortgage, or obtain any form of credit.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26.     In accordance with 15 U.S.C. § 1681 *et seq.,* Plaintiff's counsel disputed the credit report from Santander regarding Account number REDACTED to Defendants Experian and TransUnion via telephone and/or electronic online disputes.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

27.     Upon information and belief, Trans Union and Experian negligently, recklessly and/or willfully did not acknowledge the dispute, did not transmit the disputed account to Chrysler Capital, did not verify the information, did not engage in a reasonable investigation as required to verify and ensure the accurate reporting of Plaintiff's payment history, and did not remove the unverified adverse information.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

28.     Chrysler Capital knew or should have known that the negative information it reported to the CRAs concerning the account was false and damaging to Plaintiff and that it was Chrysler Capital's responsibility to correct such an error and conduct a reasonable investigation of any dispute reported to it by a consumer or a CRA.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29.     Chrysler Capital failed to conduct a reasonable investigation per 15 U.S.C. §1681s(2)(b)(l)(A) of the disputed account reported by Plaintiff. Upon information and belief, Chrysler Capital negligently, recklessly, and/or willfully failed to conduct the careful and reasonable investigation necessary to resolve the merits of Plaintiff's dispute to ensure the accurate reporting of Plaintiff's payment history for Account number REDACTED.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30.     The disputed tradeline and auto lease account remain unchanged on the reports published by Defendants Experian and Trans Union, inaccurately reporting a more-than-30-day late payment for September 2019 to Plaintiff's detriment.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the

effect of a denial under Rule 8(b)(5). Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

31.     The FCRA obligates all CRAs to remove any information that is inaccurate, unverified, or cannot be verified. However, Experian and Trans Union continue to report a more-than-30-day late payment on Plaintiff's disputed auto lease with Chrysler Capital.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

32.     Plaintiff reasonably trusted and believed that Experian and Trans Union would comply with their obligations to Plaintiff as a consumer under the FCRA.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union denies that it violated the FCRA (or any other law).

33.     Experian and Trans Union sell information in the form of consumer reports to paying subscribers (e.g., lenders and similarly interested parties) concerning individuals who may be applying for a car or mortgage loan, or the like.

**ANSWER:**    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

34.     Since Congress enacted the FCRA, federal law has required CRAs to implement and utilize reasonable procedures "to assure maximum possible accuracy" of the personal, private and financial information that they compile and sell about individual consumers.

**ANSWER:**     Trans Union states that the Fair Credit Reporting Act speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

35.     The FCRA also requires CRAs, and "furnishers" of credit information to the CRAs, to conduct "reasonable investigations" into bona fide disputes by consumers claiming to have inaccurate or incomplete information appearing in their credit files, to correct or update any such errors or omissions, if the information is unverifiable to remove it from the report and to report back to the consumer the results of the investigation. This requirement ensures greater accuracy.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

36.     A "consumer reporting agency" is defined by the FCRA in relevant part as follows: "[A]ny person which for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. §1681a(f).

**ANSWER:**     Trans Union states that the Fair Credit Reporting Act speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.

37.     Chrysler Capital is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

38. The FCRA imposes civil liability on any CRA or furnisher "who willfully fails to comply with any requirement" of the Act. *See* 15 U.S.C. §1681n(a).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

39. The FCRA provides for civil liability against any CRA or furnisher which is negligent in failing to comply with any requirement imposed under the Act. *See* 15 U.S.C. §1681o.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

40. Plaintiff's ability to obtain a mortgage, loan, or business credit on appropriate terms has been impaired due to the false and inaccurate credit data reported by Chrysler Capital, the Defendants' failure to conduct reasonable investigations, and their failure to remove the unverified information, all to the detriment of Plaintiff's personal and business endeavors and reputation, costing him significant income.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41. Plaintiff experienced and continues to experience tremendous difficulties with his business endeavors, personal stress, and anxiety due to Chrysler Capital's malicious, bad faith, and willful disregard of their representations to Plaintiff as a customer that it would not report a late

payment and their failures under the FCRA. Defendants' failures resulted in a damaging credit profile that persists to this day.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42.    Plaintiff has experienced tremendous difficulties with his business endeavors, personal stress, and anxiety due to Experian and Trans Union's negligent and willful failures and disregard for its obligations under the FCRA and to Plaintiff as a consumer. Experian and Trans Union's failures resulted in a damaging credit profile that persists to this day.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

43.    This entire experience has imposed upon Plaintiff significant distrust, frustration, and distress. It has rendered Plaintiff hopeless about his ability to regain his good name and the credit rating that he deserves and has worked hard to earn.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

### FIRST CAUSE OF ACTION AS TO CHRYSLER CAPITAL FOR VIOLATIONS OF THE FCRA 15 U.S.C § 1681 et seq., 15 U.S.C. § 1681e(b), 15 U.S.C. §1681i(a)(1), and 15 U.S.C. § 1681s-2(b)(1)

44.    Plaintiff restates and incorporates herein by reference, as though fully set forth herein, every fact, matter, and allegation in Paragraphs 1 through 43 above.

**ANSWER:**    Trans Union reasserts its answers and responses set forth herein.

## **Chrysler Capital's Failure to Conduct Reasonable Investigations**

45.     Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers regarding the accuracy of the information reported about them.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

46.     On numerous occasions, Chrysler Capital was contacted by Plaintiff and his attorneys advising Chrysler Capital that it had erroneously reported Plaintiff's September 2019 payment as more than 30 days past due. Chrysler Capital still knowingly and maliciously reported the adverse event to the CRAs and refused to remove it.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

47.     Chrysler Capital failed to conduct a reasonable investigation into the accuracy of information related to the disputed credit line before reporting, in response to Plaintiff's direct dispute, and in its response to Plaintiff's formal disputes to the CRAs.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48.     Notwithstanding Chrysler Capital's actual knowledge of Plaintiff's dispute, Chrysler Capital did not verify or investigate the relevant disputed Account No. REDACTED.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49.     Chrysler Capital did not investigate the merits of the account Plaintiff disputed, thereby ensuring objectively false, unverified, and highly damaging information remained on Plaintiff's credit history to Plaintiff's detriment.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

50.     Chrysler Capital's failure to conduct a reasonable investigation of the accuracy of its reporting of this adverse information and subsequent pro forma reinvestigation shows a reckless disregard for Plaintiff's rights under the FCRA. *See* 15 U.S.C. § 168ls-2(b)(l)(A).

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51.     Chrysler Capital's failure to report that Plaintiff disputed the accuracy of the trade line was also a failure to accurately update the information because it was "misleading in such a way and to such an extent that it [could] be expected to have an adverse effect" on Plaintiff. *Gorman* v. *Wolpoff & Abramson, L.L.P., et al,* 584 F.3d 1147 (9th Cir. 2009); *See also Saunders* v. *Branch Banking & Trust Co. of Va.,* 526 F.3d 142 (4th Cir. 2008).

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

52.     As a direct and proximate result of Chrysler Capital's willful and negligent refusal to comply with the FCRA, engage in a reasonable investigation of Plaintiff's disputed account and follow reasonable procedures to assure "maximum possible accuracy" as expressly mandated by

the FCRA, Plaintiff has suffered substantial loss and damage including, but not limited to: economic loss due to denial of mortgages, loss of opportunity to obtain credit, harm to reputation, the expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration, and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorney's fees together with the costs of this action under 15 U.S.C. §1681o.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

53.   Upon information and belief, Defendant Santander has exhibited a pattern and practice of refusing to correct consumer credit files and conduct reasonable investigations into disputed accounts despite being on notice of patently false information in such files, ultimately valuing its own bottom line above its "grave responsibility" to report accurate data.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

54.   Santander's pattern of refusal to follow reasonable procedures mandated by the FCRA reveals a conscious disregard of Plaintiff's rights as customer and consumer.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

55.   Circumstances of malice, willful and wanton misconduct, attend the injuries suffered by Plaintiff, entitling Plaintiff to statutory damages, punitive damages, attorney's fees, and costs under 15 U.S.C.§ 1681n(a)(2).

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**SECOND CAUSE OF ACTION AS TO EXPERIAN and TRANSUNION
FOR VIOLATIONS OF THE FCRA 15 U.S.C § 1681 et seq., 15 U.S.C. § 1681e(b),
15 U.S.C. § 1681i(a)(1), and 15 U.S.C. §1681i(5)(A)(i)**

56.     Plaintiff restates and incorporates herein by reference, as though fully set forth herein, every fact, matter, and allegation set forth in Paragraphs 1 through 55 above.

**ANSWER:**     Trans Union reasserts its answers and responses set forth herein.

**Experian and Trans Union's Failure to Conduct a Reasonable Investigation
and Delete Unverified Adverse Information**

57.     Plaintiff, via telephone and/or via electronic online dispute facilities, formally disputed to Experian and Trans Union the false report of a more-than-30-day late payment for September 2019 regarding Chrysler Capital auto lease Account No. REDACTED.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

58.     As outlined above, upon information and belief, both reporting agencies failed to investigate the accuracy of Plaintiff's financial information despite a formal dispute transmitted to Experian and Trans Union.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

59.     Upon information and belief, Experian and Trans Union did not transmit the notice of the dispute to Chrysler Capital to verify the accuracy of the information as required and did not remove the unverified information from Plaintiff's account. *See* 15 U.S.C. § 168li.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

60.     As a direct and proximate result of Experian and Trans Union's willful and negligent refusal to comply with the FCRA as outlined above, Plaintiff has suffered substantial loss and damage including, but not limited to: economic loss due to denial of mortgages, loss of opportunity to obtain credit, harm to reputation, the expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration, and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorney's fees together with the costs of this action under 15 U.S.C. §1681o.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

61.     Upon information and belief, Experian and Trans Union have exhibited a pattern and practice of refusing to correct consumer credit files or conducting reasonable investigations

into disputed accounts despite being on notice of patently false information in such files, ultimately valuing their own bottom lines above their "grave responsibility" to report accurate data.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

62.    Experian and Trans Union's pattern of refusal to follow reasonable procedures mandated by the FCRA reveals a conscious disregard of Plaintiff's rights as a consumer.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

63.    Circumstances of malice, willful and wanton misconduct, attend the injuries suffered by Plaintiff, entitling Plaintiff to statutory damages, punitive damages, attorney's fees, and costs against Experian and Trans Union under 15 U.S.C.§ 168ln(a)(2).

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**WHEREFORE,** Plaintiff Avrohom Manes respectfully requests that this Court enter judgment for Plaintiff and against Defendants Santander Consumer USA Inc. d/b/a Chrysler Capital, Experian Information Solutions, Inc., and Trans Union LLC for their negligent and willful violation of the FCRA, 15 U.S.C. § 1681 *et seq,* and for Declaratory relief, as follows:

1)   An award for punitive damages provided by 15 U.S.C. § 168ln(2), statutory damages as provided for by 15 U.S.C. § 168ln(2), actual damages, and costs and attorney's fees as provided for by 15 U.S.C. §1681n(3) and 15 U.S.C. § 1681o(2);

2)   An order declaring Chrysler Capital is required to provide notification to creditors and parties identified by the Plaintiff who refused him business, commercial, or personal credit as a direct result of Chrysler Capital's actions and false reporting regarding Account No. REDACTED;

3)   An order declaring that Chrysler Capital must promptly remove the erroneous more-than-30-day late payment report for September 2019 regarding Account No. REDACTED, correct its records to reflect Plaintiff's account paid as agreed with no late payments, and report the correction to all CRAs;

4)   An order declaring that Experian and Trans Union must promptly remove the erroneous more-than-30-day late payment report for September 2019 regarding Account No. REDACTED and correct their records to reflect Plaintiff's account paid as agreed with no late payments; and

5)   An order declaring that Defendants Experian and Trans Union are required to provide a letter of explanation to creditors and parties identified by the Plaintiff who refused him business, commercial, or personal credit due to their failure to ensure the accuracy of Plaintiff's financial information, conduct a reasonable investigation and remove unverified inaccurate adverse data regarding Account No. REDACTED;

Together with such other and further relief as this Court may deem just and proper.

**ANSWER:**   Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

1.   Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.      Trans Union's reports concerning Plaintiff were true or substantially true.

4.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate their damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of

applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

Date:     June 3, 2021                  *s/ Camille R. Nicodemus*
                                        Camille R. Nicodemus, Esq.
                                        Schuckit & Associates, P.C.
                                        4545 Northwestern Drive
                                        Zionsville, IN  46077
                                        Telephone:  (317) 363-2400, Ext. 105
                                        Fax:  (317) 363-2257
                                        E-Mail:  cnicodemus@schuckitlaw.com

                                        *Counsel for Defendant Trans Union, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **3rd day of June, 2021**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| None. | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **3rd day of June, 2021** properly addressed as follows:

| **for Plaintiff Avrohom Manes**<br>Albert A. Levy, Esq.<br>17 Perlman Drive, Suite 215<br>Spring Valley, NY  10977 | |
|---|---|

*s/ Camille R. Nicodemus*
Camille R. Nicodemus, Esq.
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400, Ext. 105
Fax:  (317) 363-2257
E-Mail:  cnicodemus@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*